D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ISAAC RUBIN,

                Plaintiff,

    -against-

JACOB RUBIN, a/k/a YANKY RUBIN; SARAH
RUBIN; MOSHE RUBIN; MOSHE
GOLDBERGER; AVROHOM ANDRUSIER, a/k/a
ABRAHAM ANDRUSIER; CHEVRA HATZALAH
OF NEW YORK; HATZALAH VOLUNTEER
AMBULANCE CORPS.; HATZALAH OF CROWN
HEIGHTS; BORO PARK HATZOLAH,
a/k/a HATZALAH OF BORO PARK; HATZOLAH
OF FLATBUSH, a/k/a FLATBUSH HATZOLAH
CORPS.; GERSHON GUTTMAN, a/k/a GARRY
GUTTMAN; ABRAHAM ISAAC, a/k/a AVRUMI
ISAAC; "JOHN" KOFF, Hatzolah Member;
YAAKOV YOEL "DOE," Hatzolah Member; LEVI
"DOE," Hatzolah Member; YIDDEL "DOE,"
Hatzolah Member; "JOHN DOE 1-20," Hatzolah
Members; NEW YORK PRESBYTERIAN
HOSPITAL; NEW YORK HOSPITAL, CORNELL
MEDICAL CENTER, a/k/a CORNELL HOSPITAL;
NEW YORK COMMUNITY HOSPITAL; LONG
ISLAND COLLEGE HOSPITAL; ESTATE OF
ALEXANDER YOM TOV LIPA RUBIN; CONG.
BETH DAVID GERSHON AND TALMUD
TORAH, INC.; JASON HERSHBERGER;
CHARLES LUTHER; ALISON LEE; SHARON
HIRD; ANNA ROSEN; RICHARD STORCH;
DANIEL ROSEN; MAYA HOWELL; DR. NIRAV
R. SHAH, New York State Commissioner of Health;
NEW YORK CITY POLICE DEPARTMENT;
"JOE" FREIDMAN, New York City Police Officer;
NEW YORK STATE DEPARTMENT OF
HEALTH; J.P. MORGAN CHASE BANK; and
CITIBANK,

                Defendants.

------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

**MEMORANDUM & ORDER**

**11-CV-1920 (NGG)**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 11 2011 ★
BROOKLYN OFFICE

1

Plaintiff pro se Isaac Rubin ("Rubin") brings this Complaint against numerous Defendants. Rubin's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, the court dismisses Rubin's claims against certain Defendants.

I. BACKGROUND

Rubin states that he is domiciled in Florida and asserts various state and federal claims against individuals and entities domiciled in New York State. (See Compl. (Docket Entry #1).) He makes a series of allegations against members of his family and several "Hatzalah" organizations in Brooklyn, including allegations of fraud and racketeering.[1] (Id.) Rubin also identifies three recent incidents in which he was detained against his will in mental health facilities in violation of state and federal law. (Id.)

II. DISCUSSION

The court is mindful that Rubin is proceeding pro se and that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). Before dismissing a complaint, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," a court must grant leave to amend. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999). However, where in forma pauperis has been granted, the court must dismiss a complaint, or any portion thereof, if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

---

[1] Rubin describes the Defendant Hatzalah organizations as "New York State non-for-profit corporation[s] that operate . . . as . . . volunteer emergency medical service organization[s]." (Compl. ¶¶ 14-18.)

2

relief." 28 U.S.C. § 1915(e)(2)(B); see also Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (observing that § 1915(e)(2) provides "an efficient means by which a court can screen for and dismiss legally insufficient claims").

Rubin fails to state claims upon which relief may be granted against the Estate of Alexander Yom Tov Lipa Rubin, Congregation Beth David Gershon and Talmud Torah, Inc., J.P. Morgan Chase Bank, and Citibank. The claims against these Defendants all relate exclusively to the administration of the estate of Rubin's uncle. The court lacks subject-matter jurisdiction over such probate claims. See Marshall v. Marshall, 547 U.S. 293, 308, 311 (2006) ("[T]he probate exception [to 'otherwise proper' federal court jurisdiction] reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate."). Consequently, all claims against these Defendants are dismissed.

The claims against the New York City Police Department ("NYPD") must also be dismissed because "the NYPD is an agency of the City of New York and is not a suable legal entity." Slepoy v. City of New York, No. 10-CV-1814 (ARR), 2010 WL 1945773, at *2 (E.D.N.Y. May 11, 2010) (citing Lauro v. Charles, 219 F.3d 202, 205 n. 2 (2d Cir. 2000)). However, Rubin is granted leave to amend his Complaint insofar as he wishes to claim that the City of New York, under a theory of respondeat superior, is liable for the alleged state torts of Officer "Joe" Freidman.

Liberally construing Rubin's Complaint, as it must, the court cannot now determine that Rubin's claims against the remaining Defendants are frivolous or fail to state a claim upon which relief may be granted. Accordingly, the remaining claims may proceed.

Rubin is granted leave to amend his Complaint in order to include as Defendants three individuals (Virginia Susman, Babasunte Asemota, and Steven Roth) in the caption of the case.

3

Rubin makes allegations against these individuals (see Compl. ¶¶ 161-62), but they are not listed in the caption of the Complaint. Rubin may also amend his Complaint to include any allegations relating to his recent involuntary commitment. (See Letter from Uziel M. Frankel (Docket Entry # 6); Mot. to Compel (Docket Entry # 7).)

## III. CONCLUSION

For the reasons set forth above, the claims against the Estate of Alexander Yom Tov Lipa Rubin, Congregation Beth David Gershon and Talmud Torah, Inc., the New York City Police Department, J.P. Morgan Chase Bank, and Citibank are dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue against those Defendants, and the caption of the Complaint shall be amended accordingly. Furthermore, Rubin is granted leave to amend his Complaint to the extent described above.

The Clerk of court shall issue summonses against the remaining Defendants and the United States Marshals Service shall serve copies of the Complaint, this order, and the summonses on those Defendants without prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel of the City of New York. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

Dated: Brooklyn, New York
July 7, 2011

NICHOLAS G. GARAUFIS
United States District Judge